**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:25-cv-24423-RS**

GARRETT BERG,

    **Plaintiff,**

v.

PROFESSIONAL PARKING
MANAGEMENT CORPORATION,

    **Defendant.**

**DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION TO REMAND AND ALTERNATIVELY MOTION TO STAY**

Defendant Professional Parking Management Corporation ("PPM"), hereby submits its response in opposition to Plaintiff's Motion to Remand and Alternatively Motion to Stay, and states as follows:

**PROCEDURAL HISTORY**

1. Between August 27, 2025 and September 11, 2025, Counsel for the Plaintiff filed 16 virtually identical cases against PPM, in the County Courts in and for Miami-Dade (11 cases), Broward (4 cases), and Palm Beach County (2 cases) (the "Parking Cases"). *See* Dkt. 7-1 at Exs. 1-16.

2. For their Statements of Claim, the Parking Case Plaintiffs allege two causes of action that arise under the laws of the United States: (1) a claim that PPM has violated the Drivers Privacy Protection Act of 1994 ("DPPA"), 18 U.S.C §§ 2721-2725, and (2) a claim that PPM has violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. *See* Dkt. 1-4.

3. Both the Plaintiffs' DPPA and FDCPA claims arise under the same common set of alleged facts. *Id.* In this regard, each Plaintiff alleges that PPM, in seeking to collect a bill for each Plaintiff's failure to make payment for the use of a paid parking lot, obtained records of their vehicle's registration from the Florida Depart of Transportation in violation of the DPPA, and issued the related notice of request for payment in violation of certain requirements of the FDCPA. *Id.*

4. While PPM has not yet filed a response to Berg's Statement of Claim, it disputes that it violated the DPPA and FDCPA in relation to its attempt to collect Berg's unpaid parking fee.

5. As each of the Plaintiffs in their Statement of Claim alleges causes of action solely under the laws of the United States, PPM promptly and properly removed each of those cases to this District Court. *Id.*

6. The Parking Cases are:

- Southern District Miami Division -

(1) *Berg v. Professional Parking Management Corp.*, Case No. 25-cv-24423;

(2) *Busto v. Professional Parking Management Corp.*, Case No. 25-cv-24425;

(3) *Ravens v. Professional Parking Management Corp.*, Case No. 25-cv-24427;

(4) *Restrepo v. Professional Parking Management Corp.*, Case No. 25-cv-24428;

(5) *Chin v. Professional Parking Management Corp.*, Case No. 1:25-cv-24479;

(6) *Bramante v. Professional Parking Management Corp.*, Case No. 1:25-cv-24480;

(7) *Jimenez v. Professional Parking Management Corp.*, Case No. 1:25-cv-24481;

(8) *Angulo v. Professional Parking Management Corp.*, Case No. 1:25-cv-24509;

(9) *Altshuler v. Professional Parking Management Corp.*, Case No. 1:25-cv-24507;

(10) *Garcia v. Professional Parking Management Corp.*, Case No. 1:25-cv-24511;

(11)  *Mejia v. Professional Parking Management Corp.*, Case No. 1:25-cv-24521;

- Southern District Ft. Lauderdale Division -

(12)  *Koscs v. Professional Parking Management Corp.*, Case No. 0:25-cv-61974;

(13)  *Slater v. Professional Parking Management Corp.*, Case No. 0:25-cv-61977;

(14)  *Mandalaywala v. Professional Parking Management Corp.*, Case No. 0:25-cv-61982;

- Southern District West Palm Beach Division -

(15)  *Candido v. Professional Parking Management Corp.*, Case No. 9:25-cv-81225; and

(16)  *Romero v. Professional Parking Management Corp.*, Case No. 9:25-cv-81228.

7.  Following removal, PPM immediately moved to consolidate all other Parking Cases with this action. Dkt. 7.

8.  Shortly thereafter, Chief Judge Cecilia Altonaga, who is presiding over two of the Parking Cases, *Chin v. Professional Parking Management Corp.*, Case No. 1:25-cv-24479 and *Angulo v. Professional Parking Management Corp.*, Case No. 1:25-cv-24509, entered orders in those cases staying them pending the Court's resolution of PPM's Motion to Consolidate in this case. *See Chin*, Case No. 1:25-cv-24479 at Dkt. 8; and *Angulo*, Case No. 1:25-cv-24509 at Dkt. 8.

9.  Plaintiffs, then, filed identical Motions to Remand in this case and each of the other Parking Cases, except those before Chief Judge Altonaga. *See, e.g., See Altshuler v. Professional Parking Management Corp.*, Case No. 1:25-cv-24507 at Dkt. 6.

10.  Thereafter, acknowledging Chief Judge Altonaga's stay orders in *Chin* and *Angulo*, similar stay orders were entered in two other Parking Cases, by Judge Beth Bloom in *Altshuler v.*

3

*Professional Parking Management Corp.*, Case No. 1:25-cv-24507 (Dkt. 9), and by Judge Jose Martinez in *Garcia v. Professional Parking Management Corp.*, Case No. 1:25-cv-24511 (Dkt. 7).

11. PPM has, in conjunction with this Motion, filed motions to stay in each of the 11 other Parking Cases.

## MEMORANDUM OF LAW

Without disavowing its allegations of standing to bring its claims, directing the Court to any decision that would negate its standing, or providing any substantive reason why it would not have standing, Plaintiffs have erroneously asserted that the Parking Cases must be remanded for lack of standing on **one** of its two federal claims. Plaintiffs' flawed basis for remand is that in another case against PPM, *Richard Jeanmary v. Professional Parking Management Corp.*, Case No. 24-cv-61213 (S.D. Fla.), PPM argued that the plaintiff in that case did not have standing to bring his DPPA claim. Plaintiffs have failed to advise this Court that the motion it referenced was denied as being moot, the issue of standing has never been decided, and that the case in question remains pending and is not even at issue. *See Jeanmary*, Case No. 24-cv-61213.

As described below, Plaintiffs' Motions to Remand must be denied in their entirety. First, there has been no attack on Plaintiffs' allegations of standing and there is no precedent on which the Court could rely to *sua sponte* find Plaintiffs lack standing as a matter of law. Secondly, PPM is not bound by collateral estoppel or any other judicial doctrine to make the same arguments in the Parking Cases that it has made in the *Jeanmary* case, where PPM has not had a decision entered in its favor on those arguments and final judgment has not been entered in that case (even disregarding the cases have different parties and different facts). Finally, even if the Court were to find that PPM's arguments in *Jeanmary* were relevant to the issue of standing in the Parking Cases, it would need to stay these cases pending the resolution of those issues in *Jeanmary* and the

entry of judgment. It also must be noted that Plaintiffs' Motions to Remand only refers to the issue of standing on its DPPA claims, not its FDCPA claims, which would remain pending before this Court.

I.  **Plaintiff's Motion to Remand Should Not Be Decided Until After the Court Rules on PPM's Motion to Consolidate**

As described in detail in PPM's Corrected Motion to Consolidate and for Extension of Time to Respond (Dkt. 7) ("Motion to Consolidate"), Counsel for the Plaintiff has filed 15 other cases that are virtually identical to the present action (collectively, the "Parking Cases"), which have all been removed to the Southern District of Florida by PPM and are the subject of PPM's Motion to Consolidate those actions with the present case. *See* Dkt. 7.

Chief Judge Cecilia Altonaga, who is presiding over two of the Parking Cases, *Chin v. Professional Parking Management Corp.*, Case No. 1:25-cv-24479 and *Angulo v. Professional Parking Management Corp.*, Case No. 1:25-cv-24509, entered orders in those cases staying them pending the Court's resolution of PPM's Motion to Consolidate in this case. *See Chin*, Case No. 1:25-cv-24479 at Dkt. 8; and *Angulo*, Case No. 1:25-cv-24509 at Dkt. 8. Thereafter, similar stay orders were entered in two other Parking Cases, by Judge Beth Bloom in *Altshuler v. Professional Parking Management Corp.*, Case No. 1:25-cv-24507 (Dkt. 9), and by Judge Jose Martinez in *Garcia v. Professional Parking Management Corp.*, Case No. 1:25-cv-24511 (Dkt. 7).

In each of the other Parking Cases, except for the two stayed by Chief Judge Altonaga, Counsel for Plaintiff has filed motions to remand that are substantively identical to the Motion to Remand presently before the Court. *See, e.g., See Altshuler v. Professional Parking Management Corp.*, Case No. 1:25-cv-24507 at Dkt. 6. For the same reasons stated in PPM's Motion to Remand, which are the substantial benefits of consolidation to the interests of efficiency and judicial economy and to avoid inconsistent decisions, the Parking Cases should be consolidated

5

into one action, prior to resolution of the fourteen presently pending motions to remand.  *See* Fed. R. Civ. P. 42(a); *Eghnayem v. Bos. Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017).  For this reason, in conjunction with the present filing, PPM has filed motions to stay in each of the (unstayed) Parking Cases, requesting that those cases be stayed until the Court in this action rules upon PPM's Motion to Consolidate.  Accordingly, PPM respectfully requests the Court stay its decision on the present Motion to Remand until it rules upon PPM's Motion to Consolidate, so that the Motions to Remand in all Parking Cases can be adjudicated in a single decision by this Court.

## II.     Whether the Parking Case Plaintiffs Have Standing to Pursue Their DPPA Claims Is Not a Settled Issue of Law

In each of the Parking Cases, the Plaintiff has argued that remand is necessary because PPM has argued in a motion to dismiss in another case, *Richard Jeanmary v. Professional Parking Management Corp.*, Case No. 24-cv-61213 (S.D. Fla.), that other unrelated plaintiffs who have brought claims under the Drivers Privacy Protection Act of 1994 ("DPPA"), 18 U.S.C §§ 2721-2725, against PPM did not have standing to bring those claims.  The Plaintiffs contend that such arguments in the *Jeanmary* case run against PPM's duty to establish subject matter jurisdiction in this case and that PPM should be bound to take the same position here.  The Plaintiffs' argument fails for two reasons: (1) there has been no attack on Plaintiffs' allegations of standing and there is no precedent on which the Court could rely to *sua sponte* find Plaintiffs lack standing as a matter of law; and (2) PPM is not bound by any judicial doctrine to make the same arguments in the Parking Cases that it has made in another case, where the cases have different parties, different facts, and PPM has not had a decision entered in its favor on those arguments.  Indeed, as stated below, the court in the case referenced by the Plaintiffs, *Richard Jeanmary v. Professional Parking Management Corp.*, Case No. 24-cv-61213 (S.D. Fla.), did not make a substantive decision on

6

PPM's motion in that case and denied it as moot. As such, without controlling precedent dictating such an outcome and with no challenge having been made to the Plaintiffs' standing by PPM in this and the other Parking Cases, the Court does not have a basis to *sua sponte* determine that Plaintiffs' lack standing for their DPPA claims and remand those claims to the state court. Plaintiffs' argument is particularly problematic because, here, Plaintiffs have other federal claims, under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, which would remain before this Court, with remand theoretically creating two parallel sets of cases.

    **(1)    There Has Been No Attack on Plaintiffs' Standing and There Is No Adverse Decision on Which the Court Could Rely to Find Lack of Standing as a Matter of Law**

"[E]ach element of standing 'must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.'" *Bischoff v. Osceola Cnty., Fla.*, 222 F.3d 874, 878 (11th Cir. 2000) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). "Therefore, when standing becomes an issue on a motion to dismiss, general factual allegations of injury resulting from the defendant's conduct may be sufficient to show standing." *Id.* To establish standing, "the plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

In the DPPA claims in each of the Parking Cases, to establish standing, Plaintiff has alleged that PPM "violated the DPPA by knowingly obtaining, disclosing or using personal information, from a motor vehicle record, for a purpose not permitted under the DPPA" and this violation "damaged Plaintiff" and that Plaintiff has suffered "actual damages" as a result. *See* Dkt. 1-4 [Statement of Claim] at ¶¶ 58-60. In their Motions to Remand, none of the Plaintiffs have

disavowed these allegations or cited any case for the purpose of negating their standing as a Plaintiff. *See*, *e.g.*, Dkt. 5.

In the case relied upon by the Plaintiffs, *Mittenthal v. Fla. Panthers Hockey Club, Ltd.*, 472 F. Supp. 3d 1211 (S.D. Fla. 2020), after an adverse decision was issued by the Eleventh Circuit related to the standing of similarly situated plaintiffs, the plaintiffs, in *Mittenhal*, voluntarily dismissed their federal case and filed a new case based on the same facts in state court. *Id.* at 1217. The defendants then removed the state court case to federal court. *Id.* The plaintiffs then filed a motion to remand, arguing that under the adverse decision of the Eleventh Circuit, which had led them to decide to voluntarily dismiss the prior federal action, as a matter of law, they could not establish injury and therefore lacked standing. *Id.* The defendants then attempted to argue that the district court could find standing based on the allegations of the complaint in the earlier dismissed federal action. *Id.* at 1219 ("In their Response, the Defendants rely exclusively on jurisdictional averments the Plaintiffs made in the (now-dismissed) federal-court complaint."). In reply, the defendant disavowed the allegations of the prior complaint and argued that they were not bound by allegations from a prior inoperative complaint. *Id.* The district court held that the disavowed allegations of the prior complaint could not be relied upon and that the plaintiffs lacked standing, as the plaintiffs' contended, based on the adverse Eleventh Circuit decision. *Id.* at 1222-23.

In the Plaintiffs' Motions to Remand, in the Parking Cases, Plaintiffs have not disavowed their standing allegations and have failed to cite to any decision that would establish they do not have standing as a matter of law. They are unable to do so because there is no precedent in the Eleventh Circuit or the U.S. Supreme Court (even a decision of a Florida District Court) directly addressing this issue and finding against other similarly situated plaintiffs. As described below, even in the case against PPM referenced by the Plaintiffs, *Richard Jeanmary v. Professional*

8

*Parking Management Corp.*, Case No. 24-cv-61213 (S.D. Fla.), the issue has not been decided (the case itself is not even at issue) and remains an unsettled point of law. As such, the Parking Cases are wholly distinguishable from *Mittenhal*, in which the Plaintiffs disavowed their allegations and cited binding precedent in support of their argument that they lacked standing. 472 F. Supp. 3d at 1217, 1222-23. Here, because the issue is unsettled and there has been no attack on Plaintiffs' standing, there is no basis for the Court to *sua sponte* dismiss the Plaintiffs' DPPA claims for lack of standing.

**(2)    PPM Is Not Bound by Its Prior Unadjudicated Arguments Made in a Different Case Against Different Plaintiffs**

"Under the judicially-developed doctrine of collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision is conclusive in a subsequent suit based on a different cause of action involving a party to the prior litigation." *In re Massa Falida do Banco Cruziero do Sul, S.A.*, 637 B.R. 675, 695 (S.D. Fla. 2022) (quoting *United States v. Mendoza*, 464 U.S. 154, 158 (1984)). "Collateral estoppel requires a final ruling on an issue in one case that will preclude the losing party from re-litigating the same issue in another proceeding." *Id.* "The party seeking to invoke collateral estoppel must establish that (1) the issue in the pending case is identical to that decided in a prior proceeding; (2) the issue was necessarily decided in the prior proceeding; (3) the party to be estopped was a party or was adequately represented by a party in the prior proceeding; and (4) the precluded issue was actually litigated in the prior proceeding." *United States v. Weiss*, 467 F.3d 1300, 1308 (11th Cir. 2006). "The proponent of the application of collateral estoppel has the burden of proving that each of these elements has been satisfied." *In re Massa*, 637 B.R. at 695. "The identity of issues requirement is strictly applied in cases of offensive and defensive collateral estoppel such that the issue must

9

be exactly the same and not merely similar in nature and close in time." *Id.* (citing *Matter of McWhorter*, 887 F.2d 1564, 1568 (11th Cir. 1989)).

In the present case, Plaintiffs have not even attempted to establish the elements of collateral estoppel and cannot do so. The motion, in *Richard Jeanmary v. Professional Parking Management Corp.*, Case No. 24-cv-61213 (S.D. Fla.), referred to by Plaintiffs as being issue preclusive, PPM's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 31) ("Jeanmary Motion"), was denied as moot by Judge Raag Singhal on the basis that the plaintiff, Jeanmary, was given leave to file a second amended complaint, with no discussion of the merits of PPM's dismissal arguments. *See Jeanmary*, Case No. 24-cv-61213 (S.D. Fla.) at Dkts. 31 and 40. Because the Jeanmary Motion was decided against PPM and that action is ongoing, the arguments made in the Jeanmary Motion can have no collateral estoppel effect because they do not represent a final decision deciding the issues raised therein and Judge Singhal did not determine that Jeanmary did not have standing when denying the Motion. *Id.*; *Weiss*, 467 F.3d at 1308. While PPM would contend the other elements of collateral estoppel also cannot be established (identity of parties and issues), these undeniable failures make it unnecessary to engage in any further analysis. *Id.* Further, even if the Court were to deem PPM's arguments made in *Jeanmary* as preclusive to its ruling on Plaintiffs' standing in this case (which it should not), the Court would need to stay this case pending a decision on these issues and the resolution of the *Jeanmary* case because no final ruling on these issues has been made nor has judgment been entered. *See Jeanmary*, Case No. 24-cv-61213 (S.D. Fla.). Simply stated, there is no way that the Court could find that Plaintiffs have carried their burden to establish the elements of collateral estoppel based on arguments made by PPM in *Jeanmary*. *See In re Nunez*, 400 B.R. 869, 875 (Bankr. S.D. Fla. 2008) ("Collateral estoppel, or issue preclusion, prohibits a party from relitigating issues of fact or law that were litigated in a

prior court proceeding so long as the parties are identical, the issues are identical, and the matter has been fully litigated in a court of competent jurisdiction.").

For the foregoing reasons, Plaintiff's Motion to Remand this action (and the other Parking Cases) has no merit whatsoever and must be denied in its entirety.

### LOCAL RULE 7.1(a) CERTIFICATE OF CONFERRAL

On October 17, 2025, undersigned counsel conferred with counsel for the Plaintiff, who is counsel for the Plaintiffs in all cases that are the subject of PPM's Motion to Consolidate, in regards to the stay requested herein. Counsel for the Plaintiffs has represented that Plaintiffs intend to oppose the stay.

Dated: October 17, 2025

Respectfully Submitted,

*/s/ Colleen Smeryage*
Colleen Smeryage, Esq.
Florida Bar No. 100023
**FREEDMAN NORMAND FRIEDLAND LLP**
One SE 3rd Avenue, Suite 1240
Miami, FL 33131
Tel: (305) 924-2900
Fax: (646) 392-8842
Email: csmeryage@fnf.law

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was electronically filed with the Clerk of Court via the CM/ECF system, which will send Notice of such filing to all counsel of record.

*/s/ Colleen Smeryage*
Colleen Smeryage, Esq.