**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-24423-CIV-SMITH**

GARRETT BERG,

    Plaintiff,

v.

PROFESSIONAL PARKING
MANAGEMENT CORPORATION.

    Defendant.

_____

**ORDER GRANTING MOTION TO REMAND**

    This matter is before the Court on Plaintiff's Motion to Remand [DE 5], Defendant's Response in Opposition[1] [DE 9], and Plaintiff's Reply [DE 12]. Defendant removed this action pursuant to the Court's federal question jurisdiction because Plaintiff's claims arise under two federal statutes. Plaintiff seeks to remand because the Court lacks jurisdiction over the claims based on Plaintiff's lack of federal standing. For the reasons set forth below, the Motion for Remand is granted.

**I.     Background**

    Plaintiff filed this action in the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Plaintiff's Statement of Claim [DE 1-4] alleges that on February 17, 2025, Plaintiff received a letter from Defendant on behalf of the owner of a private parking lot. The letter demands $45.00 from Plaintiff because Plaintiff's vehicle allegedly entered the private

---

[1] In its Response, Defendant asks the Court to stay its ruling on the Motion to Remand until the Court rules on pending motions to consolidate this case with numerous other similar cases recently removed to this District. However, the Motion to Remand challenges the Court's subject matter jurisdiction. The Court must resolve whether it has subject matter jurisdiction before it can rule on other pending motions, including the motions to consolidate.

parking lot on February 14, 2025, and exited the lot on February 15, 2025, without paying. Plaintiff alleges that Defendant submitted an unauthorized request to the Florida Department of Transportation to obtain access to Plaintiff's personal information and/or highly restricted personal information. Plaintiff alleges that Defendant had no way of knowing that Plaintiff used the parking lot because, even if the vehicle is registered to Plaintiff, Defendant has no way of knowing whether Plaintiff operated the vehicle at the time it used the parking lot, or if another person was using the vehicle. Plaintiff alleges that Defendant's actions violated the Drivers Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721, and the Fair Dept Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692g and 1692e.

## II.     Discussion

Plaintiff seeks to remand this matter because Defendant, as the removing party, has failed to meet its burden of establishing that this Court has subject matter jurisdiction, specifically, that Plaintiff has standing to bring his claims in federal court. Defendant responds that it has not challenged Plaintiff's standing and the Court has no basis to *sua sponte* determine that Plaintiff lacks standing for his claims. Regardless of whether Defendant has challenged Plaintiff's standing, Plaintiff has raised the issue in his Motion to Remand, and, as the party invoking this Court's jurisdiction, Defendant must now establish standing. *See Mittenthal v. Fla. Panthers Hockey Club, Ltd.*, 472 F. Supp. 3d 1211, 1222 (S.D. Fla. 2020) (noting that "while the Defendants were not required to establish the Plaintiffs' standing in their Notice of Removal, it is indisputably their burden to prove it" once the plaintiffs raised it in a motion to remand). Moreover, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). "[S]tanding is a threshold jurisdictional question

which must be addressed prior to and independent of the merits of a party's claims." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) (alteration in original, citation omitted). Here, Plaintiff has raised the possibility that jurisdiction does not exist and Defendant now has the burden to establish that this Court has jurisdiction.

"[S]tanding consists of three elements: the plaintiff must have suffered an injury in fact, the defendant must have caused that injury, and a favorable decision must be likely to redress it." *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 996 (11th Cir. 2020) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). An injury in fact, the first element of standing, is an injury that "is concrete, particularized, and actual or imminent." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). "For an injury to be 'particularized,' it must affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016), *as revised* (May 24, 2016) (internal marks and citations omitted). For an injury to be "concrete" it must be real, and not abstract. *Id.* at 340. However, a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* at 341; *see also Trichell*, 964 F.3d at 105 (finding plaintiffs lacked standing under the FDCPA when they received misleading communications but were not misled); *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 48 F.4th 1236, 1250 (11th Cir. 2022) (finding plaintiff lacked standing, despite violation of the FDCPA, because plaintiff alleged only a "bare procedural harm" and not a concrete harm). Because Defendant removed this case from state court, it has the burden of establishing the three elements of standing. *See Lujan*, 504 U.S. at 561 ("The party invoking federal jurisdiction bears the burden of establishing these [standing] elements.").

3

To establish Plaintiff's standing, Defendant points to the allegations in Plaintiff's Statement of Claim.  Plaintiff's Statement of Claim alleges that Defendant "violated the DPPA by knowingly obtaining, disclosing or using personal information, from a motor vehicle record, for a purpose not permitted under the DPPA."  (Stmt. of Claim ¶ 58.)  Plaintiff alleges that he suffered damages as a result of Defendant's DPPA violation.  (*Id.* ¶ 59.)  Plaintiff then seeks "actual damages" as relief.  (*Id.* ¶ 64(a).)  Plaintiff does not allege that he suffered actual damages; nor does he allege what damages he actually suffered as a result of Defendant's violation of the DPPA.  As to Plaintiff's FDCPA claim, the Statement of Claim alleges that Defendant violated §§ 1692g and 1692e of the FDCPA "by failing to provide Plaintiff with sufficient notice of the information contained under § 1692g(a)(3)-(5) of the FDCPA."  (*Id.* ¶ 74.)  Plaintiff does not allege any injury, generally or specifically, but seeks statutory and actual damages.  (*Id.* ¶ 75.)

Based on these allegations, Plaintiff does not allege an injury in fact under either the DPPA or the FDCPA.  Plaintiff's FDCPA claim does not allege any injury or harm as a result of Defendant's violation of the statute.  Thus, Plaintiff has alleged an FDCPA statutory violation, not a concrete harm.  Plaintiff also has not alleged any injury or harm as a result of Defendant's violation of the DPPA.  Again, Plaintiff has alleged a statutory violation, not a concrete harm. Consequently, Plaintiff's Statement of Claim does not adequately allege federal standing under either the DPPA or the FDCPA.  Defendant has met its burden to establish that this Court has subject matter jurisdiction.  While Defendant did not have to establish standing in the Notice of Removal, once Plaintiff raised it in the Motion to Remand, Defendant had the burden to establish Plaintiff's standing.  Defendant's reliance on the allegations in the Statement of Claim is insufficient to meet its burden to establish standing.

Accordingly, it is

4

**ORDERED** that:

1. Plaintiff's Motion to Remand [DE 5] is **GRANTED.**

2. The Clerk is directed to **REMAND** this case to the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

3. All pending motions not otherwise ruled upon are **DENIED as moot.**

4. This case is **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 17th day of November, 2025.

_____
**RODNEY SMITH**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record